1  Robert C. Weiss (State Bar No. 39929)
   rcweiss@jonesday.com
2  Anna E. Raimer (State Bar No. 234794)
   aeraimer@jonesday.com
3  JONES DAY
   555 South Flower Street, 50th Floor
4  Los Angeles, CA  90071-2300
   Telephone:  (213) 489-3939
5  Facsimile:   (213) 243-2539

6  Attorneys for Plaintiff
   MAG INSTRUMENT, INC.
7

JS-6

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAG INSTRUMENT, INC., a California corporation, | Case No. CV08-2564 PA (PJWx) |
| Plaintiff, | **CONSENT JUDGMENT AND PERMANENT INJUNCTION** |
| v. | |
| THE SARUT GROUP INC., a New York corporation, and DOES 1-10, | |
| Defendants. | |

WHEREAS, plaintiff Mag Instrument, Inc. ("Mag Instrument") and defendant The Sarut Group Inc. ("Sarut Group") have agreed in a separate agreement to settlement of the matters in issue between them and to the entry of this Consent Judgment and Permanent Injunction, it is hereby ORDERED, ADJUDGED, AND DECREED THAT:

1. This is an action for: (1) patent infringement under the patent laws of the United States, 35 U.S.C. § 271, *et seq.*; (2) federal trademark infringement, federal false designation of origin, and federal trademark dilution under the Lanham Act, as amended, 15 U.S.C. § 1051, *et seq.*; (3) statutory unfair competition under California Business and Professions Code § 17200, *et seq.*, (4) trademark dilution under California Business and Professions Code § 14247; and (5) common law trademark infringement and unfair competition.

2. This Court has jurisdiction over all of the parties in this action and over the subject matter in issue based on 28 U.S.C. §§ 1331, 1338(a) and (b), and 1367(a), as well as 15 U.S.C. § 1121(a). This Court has continuing jurisdiction to enforce the terms and provisions of this Consent Judgment and Permanent Injunction. Venue is also proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and 1391(c), as well as 28 U.S.C. § 1400(b).

3. Mag Instrument is a California corporation, having its principal place of business at 2001 South Hellman Avenue, Ontario, California 91761.

4. Sarut Group is a New York corporation having its principal place of business at 780 Humboldt Street, Brooklyn, New York, 11222.

5. Sarut Group has manufactured, used, marketed, distributed, advertised, imported, promoted, offered for sale, and/or sold commercially in interstate commerce a certain flashlight referred to as the "Floral Torch." The Floral Torch was neither manufactured nor authorized by plaintiff Mag Instrument.

6. Mag Instrument is, by assignment, the owner of all right, title, and interest in United States Patent No. 5,143,441 ("the '441 patent"), United States

Patent No. D530,438 ("the '438 patent"), and United States Patent No. D530,439 ("the '439 patent").

7. The '441 patent, issued on September 1, 1992, is valid and enforceable and has been infringed by Sarut Group's manufacture, use, importation, offer for sale, and/or sale of the Floral Torch.

8. The '438 patent, issued on October 17, 2006, is valid and enforceable and has been infringed by Sarut Group's manufacture, use, importation, offer for sale, and/or sale of the Floral Torch.

9. The '439 patent, issued on October 17, 2006, is valid and enforceable and has been infringed by Sarut Group's manufacture, use, importation, offer for sale, and/or sale of the Floral Torch.

10. Sarut Group will not directly or indirectly aid, assign, or participate in any action contesting the validity of the '441 patent, the '438 patent, and/or the '439 patent.

11. For many years, and prior to the acts of Sarut Group discussed herein, Mag Instrument has continuously manufactured, advertised, assembled, marketed, sold, and distributed, in interstate commerce, a line of flashlights, including, but not limited to, a line of flashlights under the distinctive trademark MINI MAGLITE®. These flashlights are also characterized by their distinctive shape, style, and overall appearance ("SSOA").

12. The SSOA of the MINI MAGLITE® flashlight is non-functional and has acquired secondary meaning in that it has come to be associated by the trade and consuming public exclusively with Mag Instrument and, as a result, has come to signify Mag Instrument as the source of flashlights bearing the same or similar characteristics.

13. Plaintiff Mag Instrument has obtained, and is the owner of, a federal registration on the SSOA of the MINI MAGLITE® flashlight, United States Trademark Registration Number 2,074,795 (the "SSOA Trademark"), which is valid

1 and enforceable throughout the United States. This registration remains in full force
2 and effect.

3     14. The Floral Torch has a shape, style, and overall appearance that is the
4 same as, or confusingly similar to, the SSOA Trademark.

5     15. Defendant Sarut Group's manufacture, use, marketing, distribution,
6 advertising, promotion, importation, offer for sale, and/or sale of the Floral Torch is
7 likely to cause, and has caused, confusion, mistake, and deception among the
8 consuming public in that its shape, style, and overall appearance colorably imitates
9 Mag Instrument's SSOA Trademark.

10     16. Sarut Group's use of the SSOA Trademark constitutes trademark
11 infringement of Mag Instrument's federally registered SSOA Trademark in violation
12 of the Lanham Act, 15 U.S.C. §1051, *et seq.*, to the substantial and irreparable injury
13 of the public and of plaintiff Mag Instrument's business reputation and goodwill.

14     17. By manufacturing, using, marketing, distributing, advertising,
15 promoting, importing, offering for sale, and/or selling the Floral Torch, Sarut Group
16 has infringed on Mag Instrument's federal and common law trademark rights in the
17 SSOA Trademark in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §§
18 1114 and 1125(a), as such acts are likely to deceive, and have deceived, customers
19 and prospective customers into believing that defendant Sarut Group's flashlights are
20 from, sponsored by, or affiliated with Mag Instrument.

21     18. The SSOA Trademark is a distinctive and famous mark.

22     19. Sarut Group began marketing, distributing, advertising, promoting,
23 importing, offering for sale, and/or selling the Floral Torch subsequent to Mag
24 Instrument's SSOA Trademark becoming distinctive and famous.

25     20. Sarut Group's commercial use in commerce of the SSOA Trademark in
26 connection with flashlights has caused the dilution of the distinctive quality of the
27 SSOA Trademark in violation of 15 U.S.C. § 1125(c) and California Business and
28 Professions Code § 14247.

21. Sarut Group's manufacture, use, marketing, distributing, advertising, promoting, importing, offering for sale, and/or sale of flashlights with the SSOA Trademark constitutes statutory unfair competition in violation of California Business & Professions Code § 17200, *et seq.*, common law trademark infringement, and common law unfair competition.

22. Sarut Group, its officers, directors, agents, servants, employees, attorneys, and all persons and/or entities acting for, with, by, through, and/or in concert and participation with them, or any of them, are hereby permanently enjoined from engaging in any of the following activities:

    (a) manufacturing, using, marketing, distributing, advertising, promoting, importing, offering for sale, and/or selling the Floral Torch;

    (b) manufacturing, using, importing, offering for sale, and/or selling any flashlight that infringes the '441 patent, the '438 patent, and/or the '439 patent;

    (c) using Mag Instrument's SSOA Trademark, or any other mark, design, reproduction, copy, or symbol that is a colorable imitation thereof, or confusingly similar thereto, in connection with the manufacturing, marketing, distribution, advertisement, promotion, importation, offer for sale, and/or sale of flashlights or any goods or services not originating from or authorized by plaintiff Mag Instrument;

    (d) using Mag Instrument's SSOA Trademark, or any other mark, design, reproduction, copy, or symbol that is a colorable imitation thereof, in any manner likely to cause confusion, to cause mistake, or to deceive the consuming public;

    (e) representing in any manner, or by any method whatsoever, that goods, services, or other products provided by Sarut Group are sponsored, approved, authorized by, or originate from Mag Instrument or otherwise taking any action likely to cause confusion, mistake, or deception as to the origin, approval, sponsorship, or certification of such goods or services;

       (f)    committing any acts calculated or likely to cause consumers to believe that Sarut Group's products are Mag Instrument's products or are authorized by plaintiff Mag Instrument, unless they are such;

       (g)    infringing or diluting the distinctive quality of plaintiff Mag Instrument's SSOA Trademark; and

       (h)    unfairly competing with Mag Instrument in any manner.

23.    Service by mail upon Sarut Group, addressed to Alan Ceppos, 780 Humboldt Street, Brooklyn, New York 11222, of a copy of this Consent Judgment and Permanent Injunction entered by the Court is deemed sufficient notice under Federal Rule of Civil Procedure 65.  It shall not be necessary for Sarut Group to sign any form of acknowledgement of service.

24.    The parties shall bear their own attorneys' fees and costs.

**IT IS SO ORDERED:**

Dated:      August 12, 2008

By: _____
Hon. Percy Anderson
United States District Court Judge

Approved as to form and content:

Dated: June __, 2008          JONES DAY

By: _____
    Robert C. Weiss

Attorneys for Plaintiff
MAG INSTRUMENT, INC.

Dated: June __, 2008          THE SARUT GROUP INC.

By: _____
    Alan Ceppos